**IN THE UNITED STATES DISTRICT**
**COURT FOR THE NORTHERN OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JACOB ODOM, individually and on behalf of all others similarly situated,** | : | |
| | : | **CLASS ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 4:19-cv-631-P** |
| | : | |
| **USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC.,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH, MOTION TO STAY AND FOR PROTECTIVE ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MARK PITTMAN:

## SUMMARY OF RELIEF REQUESTED

Plaintiff requests that the Court quash the subpoenas in the Appendix to this Brief, stay production under the subpoenas and enter a protective order limiting the subpoenas.

## FACTS AND BACKGROUND

Plaintiff has sued Defendant, individually and on behalf of a class for violations of the TCPA. Plaintiff is a 28-year-old SMU graduate who works as an investment portfolio manager. Plaintiff has been registered on the National Do Not Call List since 2005. During the period of January 2019 to the present, Defendants contacted Plaintiff on his personal cell phone via telephone calls, voice mail messages and text messages (including calls and texts after this lawsuit has been filed and answered). These calls, messages and texts were unwanted. Plaintiff has pled

that he received close to 500 such unwanted calls, messages and texts. Defendants have acknowledged they have evidence of over 100 calls, messages and texts sent to Plaintiff.

On December 27, 2019, Defendants filed a Notice of Intent to Serve Rule 45 Document Subpoenas. (See App. 3-16). The Notice included four subpoenas. (See App. 3-16). The four subpoenas are to (1) T-Mobile USA, Inc., (2) Frontier Communications, (3) Google, LLC, and (4) Bigleaf Networks, Inc. (See App. 3-16).

<u>T Mobile Subpoena</u>

The subpoena to T-Mobile USA requests (1) Documents identifying subscriber information, including but not limited to (a) customer name, (b) address, (c) network transactions, and (d) telephone or device number for IP address 172.58.104.98 on Jan. 15-16 and Mar. 7-8, 2019; and (2) Web browser history for IP address 172.58.104.98 on Jan. 15-16 and Mar. 7-8, 2019.

<u>Frontier Communications Subpoena</u>

The subpoena to Frontier Communications requests: (1) Documents identifying subscriber information, including but not limited to (a) customer name, (b) address, (c) network transactions, and (d) telephone or device number for IP address 47.184.26.19 on Jan. 11-12, 2019; and (2) Web browser history for IP address 47.184.26.19 on Jan. 11-12, 2019.

<u>Google Subpoena</u>

The subpoena to Google requests: Web browser history from the user(s) of Google Chrome with IP addresses 47.184.26.19, 172.58.104.98, and 209.170.229.226 on Jan. 11, 12 ,14, and 15, 2019, and Mar. 7, 8, 10, and 11, 2019.

<u>Bigleaf Networks, Inc. Subpoena</u>

The subpoena to Bigleaf Networks requests: (1) Documents identifying subscriber information, including but not limited to (a) customer name, (b) address, (c) network transactions,

and (d) telephone or device number for IP address 209.170.229.226 on Mar. 10-11, 2019; and (2) Web browser history for IP address 209.170.229.226 on Mar. 10-11, 2019.

None of the IP addresses are associated with a person but the only person involved in this case presently in Plaintiff. Thus, Defendants appear to be seeking information regarding Plaintiff's IP addresses, network transactions, telephone numbers, device numbers, and web browser history from several companies, including Google. The requests are not defined or limited in any way. Thus, Defendants are seeking all of Plaintiff's IP addresses, network transactions, telephone numbers, device numbers and web browsing history regardless of whether such information relates to this case or not.

These requests are overbroad, harassing, not proportional to the needs of the case, outside of the scope of reasonable discovery and unnecessarily violate the personal privacy interests of Plaintiff. The subpoenas should be quashed and production of the requested documents stayed.

## ARGUMENTS AND AUTHORITY

### Legal Standards

"Discovery from a third party as permitted through a subpoena issued under Rule 45 is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action and discovery outside of this scope is not permitted." *MetroPCS v. Thomas*, 327 F.R.D. 600,609-610 (N.D. Tex. 2018) (citing *Garcia v. Professional Contract Servs., Inc.*, No. A-15-cv-585-LY, 2017 U.S. Dist. LEXIS 5931, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017)).

The provisions and structure of Rule 26 and Rule 45 leave little doubt that the scope of permissible discovery from a third party is not broader than that permitted against a party. *MetroPCS v. Thomas*, 327 F.R.D. 600,609-610 (N.D. Tex. 2018).

Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case — which are related but distinct requirements. *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 289 (N.D. Tex. 2017).

Because the scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26," *Garcia*, 2017 U.S. Dist. LEXIS 5931, 2017 WL 187577, at *2, the Court may properly apply the Rule 26(b)(1) proportionality factors in the context of a Rule 45(d)(3)(A) motion to quash, a Rule 45(d)(2)(B)(i) motion to compel or, in the context of Rule 45(d)(1)'s duty to avoid imposing undue burden or expense. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018).

Under Rule 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) **subjects a person to undue burden**." Fed. R. Civ. P. 45(d)(3)(A). (emphasis added).

The Court also "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroluem Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) (quoting *Am. Fed'n of Musicians of the United States & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015))

## Analysis

1. Standing

A party has standing to quash a subpoena pursuant to Rule 45 and standing to move for a protective order pursuant to Rule 26. To have standing to quash a subpoena served on a third party, one must have a "personal right or privilege" in the requested documents. *Garcia v. Prof'l Contract Servs.*, No. A-15-CV-585-LY, 2017 U.S. Dist. LEXIS 5931, at *2-3 (W.D. Tex. 2017) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). A person has a personal right or privilege to their own IP addresses, network transactions, telephone numbers, device numbers and web browsing history. *See, Riley v. California*, 573 U.S. 373, 134 S. Ct. 2473, 2494-95, 189 L.Ed. 2d 430 (2014).

2. Proportional to the needs of the case.

Plaintiff objects to the subpoenas on the grounds that the subpoenas request for IP addresses, network transactions, telephone numbers, device numbers and web browsing history is disproportional to the needs of the case.

While questions of proportionality often arise in the context of disputes about the expense of discovery, proportionality is not limited to such financial considerations. Courts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices. *Tingle v. Hebert*, No. 15-626-JWD-EWD, 2018 U.S. Dist. LEXIS 60301, 2018 WL 1726667, at *7-8 (M.D. La. Apr. 10, 2018) (finding that "Defendants have also made no showing that the requested forensic examination of Plaintiff's personal cell phone and personal email accounts are proportional to the needs of this case" and holding that "'[t]he utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns'") (quoting

*John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, No. 6:14-CV-178, 2015 U.S. Dist. LEXIS 179463, 2015 WL 11112540, at *2 (E.D. Tex. Oct. 30, 2015)); *Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD, 2017 U.S. Dist. LEXIS 12927, 2017 WL 413242, at *3 (S.D. Ind. Jan. 31, 2017) (denying request to forensically examine plaintiff's personal cell phones and holding that the forensic examination "is not proportional to the needs of the case because any benefit the data might provide is outweighed by Plaintiffs' significant privacy and confidentiality interests"); *Hespe v. City of Chicago*, No. 13 C 7998, 2016 U.S. Dist. LEXIS 173357, at *3 (N.D. Ill. Dec. 15, 2016) (affirming order denying request to inspect plaintiff's personal computer and cell phone because, among other things, inspection "is not ‘proportional to the needs of this case' because any benefit the inspection might provide is 'outweighed by plaintiff's privacy and confidentiality interests'"); *Areizaga v. ADW Corp.*, No. 3:14-cv-2899-B, 2016 U.S. Dist. LEXIS 195235, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request").

To the extent the I.P. addresses sought are linked to cell phones or computers, the United States Supreme Court has recognized that “modern cell phones are not just another technological convenience.” *Riley v. California*, 573 U.S. 373, 134 S. Ct. 2473, 2494-95, 189 L.Ed. 2d 430 (2014). “With all they contain, they hold for many Americans ‘the privacies of life’”. *Id.*

As the Court observed:

Even the most basic phones that sell for less than $20 might hold photographs, picture messages, text messages, Internet browsing history, a calendar, a thousand-entry phone book, and so on. . . . . . . .

. . . . [I]t is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives — from the mundane to the intimate. . . .

. . . . An Internet search and browsing history, for example, can be found on an Internet-enabled phone and could reveal an individual's private interests or concerns — perhaps a search for certain symptoms of disease, coupled with frequent visits to WebMD. Data on a cell phone can also reveal where a person has been. Historic location information is a standard feature on many smart phones and can reconstruct someone's specific movements down to the minute, not only around town but also within a particular building. . . .

Mobile application software on a cell phone, or "apps," offer a range of tools for managing detailed information about all aspects of a person's life. There are apps for Democratic Party news and Republican Party news; apps for alcohol, drug, and gambling addictions; apps for sharing prayer requests; apps for tracking pregnancy symptoms; apps for planning your budget; apps for every conceivable hobby or pastime; apps for improving your romantic life. There are popular apps for buying or selling just about anything, and the records of such transactions may be accessible on the phone indefinitely. There are over a million apps available in each of the two major app stores; the phrase "there's an app for that" is now part of the popular lexicon. The average smart phone user has installed 33 apps, which together can form a revealing montage of the user's life.

*Id.*, at 2489-90.

The information sought in the present case threatens to sweep in information such as the information set forth above. Therefore, Plaintiff requests that the subpoenas be quashed on privacy grounds because the requests for IP addresses, network transactions, telephone numbers, device numbers and web browsing history is disproportional to the needs of the case. Additionally, Plaintiff requests a protective order prohibiting Defendant from obtaining or disclosing any information which may contain private information regarding Plaintiff's life.

3. Relevance

Plaintiff objects for the reason that the subpoenas seek information that is not relevant. Defendants seek IP addresses, network transactions, telephone numbers, device numbers and web browsing history from specific IP addresses but does not in anyway discuss how the IP addresses identified are in relevant to this case. Defendants must meet this basic threshold relevance inquiry.

Presumably Defendants will attempt to meet this basic threshold relevance inquiry by arguing they believe these are Plaintiff's IP addresses. If so, Defendants are seeking all of Plaintiff's "network transactions" and browsing history regardless of whether it has any relationship to this case. A "network transaction" could necessarily include Plaintiff's personal banking transactions, private emails, private text messages, contact lists, photographs, websites visited and browser history. Thus, Defendants could be seeking any of the information the United States Supreme Court expressly warned about in *Riley*, all of which has not relevance to this case. See also, *Sony BMG Music Entm't v. Arellanes*, No. 4:05-CV-328, 2006 U.S. Dist. LEXIS 78399, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) (finding meritorious responding party's argument that a request for image of a person's computer hard drive image would sweep in irrelevant documents.)

4. Undue Burden.

Finally, this Court also "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." See, *Wiwa v. Royal Dutch Petroluem Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

In the present case, the subpoenas are facially overbroad. Seeking all "network transactions" from unidentified IP addresses is simply overbroad on its face.

**PROTECTIVE ORDER**

Federal Rule of Civil Procedure Rule 26(c)(1) governs protective orders:

> In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense, including one or more of the following:

> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E) designating the persons who may be present while the discovery is conducted;
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1).

Plaintiff respectfully requests that a Protective Order be entered that precludes Defendants from engaging in intrusive and unreasonable discovery. Plaintiff must be protected from the overbroad, unduly burdensome and intrusive subpoenas and discovery that, as presented, are not proportional to the needs of the case and unnecessarily infringe on important privacy interests. As noted above, counsel for Plaintiff and counsel for Defendants have conferred in good faith and were unable to reach a resolution.

## CONCLUSION

For the reasons discussed herein, Plaintiff requests that its motion be granted, that the subpoenas be quashed, production under the subpoenas be stayed. a protective order be entered, and that the any subpoenas or related discovery be much more narrowly tailored to the needs of

the case.

Respectfully submitted,

/s/Jamshyd (Jim) M. Zadeh
Jamshyd (Jim) M. Zadeh
Texas Bar No. 222239000
Law Office of Jim Zadeh, P.C.
1555 Rio Grande Avenue
Fort Worth, TX 76102
Telephone: (817) 335-5100
Facsimile: (817) 335-3974
jim@zadehfirm.com
*Attorneys for Plaintiff and Proposed Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Federal Rules of Civil Procedure on this the 7th day of January, 2019.

Jamshyd (Jim) M. Zadeh

**CERTIFICATE OF CONFERNCE**

I hereby certify that I conferred with counsel for Defendants, Gregg Strock, on January 6, 2020 and that no agreement could be reached on the issues presented in this motion. Thus, the motion is presented for determination on its merits.

Jamshyd (Jim) M. Zadeh