**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS (FORT WORTH)**

**CASE NO.: 4:19-cv-00631-P**

JACOB ODOM, individually and on behalf of all other similarly situated,

Plaintiff,

v.

USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC.,

Defendants.

/

**CLASS ACTION**

Relates to Motion Referred to Magistrate Judge Cureton

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH, MOTION TO STAY AND FOR PROTECTIVE ORDER**

Defendants, USHEALTH Advisors, LLC and USHEALTH Group, Inc. ("Defendants"), submit this Response in Opposition to Plaintiff, Jacob Odom's ("Plaintiff"), Motion to Quash, Motion to Stay and for Protective Order (ECF 17) ("Motion").

**PRELIMINARY STATEMENT**

Plaintiff has filed a Class Action Complaint ("Complaint") alleging that Defendants, who do not make marketing telephone calls to consumers, allegedly violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et al.* *See* ECF 1. Plaintiff alleges that he received hundreds of telephone calls and text messages, from Defendants, that he did not consent to. Defendants have denied liability and have set forth affirmative defenses, including that the "alleged calls to Plaintiff and each putative class member were not 'unwanted,' [and] Plaintiff's claims are barred by the doctrine of consent, by his and class members' prior express written consent to receive solicitations on their cellular and/or residential telephone numbers." ECFs 9 and 10 at Third Affirmative Defense. Plaintiff, however, denies that he provided any consent to receive the complained of communications. Complaint at ¶¶ 33, 40, and 69.

Defendants' investigation into Plaintiff's telephone number has revealed that the telephone number was entered, on multiple occasions, and at numerous websites, as part of various opt-in programs to receive information regarding health insurance coverage options. The opt-in records that Defendants have been able to obtain thus far, containing Plaintiff's telephone number, include internet protocol ("IP") addresses for the individual(s) who entered the information. Three unique IP addresses have been identified. Those IP addresses are respectively maintained by three internet service providers ("ISP"): T-Mobile USA, Inc.; Frontier Communications Corporation; and Bigleaf Networks, Inc. ("ISP Providers"). To determine whether Plaintiff, or some other individual, consented to receive the communications Plaintiff complains of, Defendants must identify who the IP address subscribers are, which is information only the ISP Providers can confirm. Therefore, Defendants issued subpoenas to the ISP Providers seeking subscriber identification information, and limited browser history, only for

the dates that the opt-ins were submitted. Defendants also have reason to believe that at least one of the opt-ins was submitted using the Google Chrome internet browser, therefore Defendants issued a subpoena to Google, LLC requesting browser histories for the IP addresses on the dates that opt-ins were submitted.

Plaintiff, who *chose* to file a class action lawsuit in this public forum, contending he is an adequate and credible class representative, has filed a Motion that would stymie Defendants' ability to develop their defenses by requesting a protective order that will preclude any discovery which may pertain to consent. Plaintiff is concerned that the discovery by Defendants to defend this class action lawsuit, *that Plaintiff voluntarily filed*, will apparently interfere with his "private life." Motion at 7. But Plaintiff does not have standing to move to quash under Rule 45 for any of the reasons he contends. Even if Plaintiff's Motion was procedurally appropriate, it should be denied because the subpoenas are narrowly drafted to seek only information that is relevant and proportional to the needs of the case. Specifically, the subpoenas seek only two things: (1) identifying information for the IP address subscriber(s) that entered Plaintiff's telephone number into the opt-in programs; and (2) browser histories for those subscribers for *only* the dates that the opt-ins were submitted, as additional proof that the currently unidentified subscribers went to the websites at issue on the corresponding dates of the opt-ins.

Contrary to Plaintiff's assertions, Defendants are not (yet) seeking to inspect any personal devices, or to obtain photos, the content of text messages or emails, or banking information. In fact, the subpoenas do not request this information, and there is no reason to think that the ISP Providers would provide such information without such a request. The subpoenas are very limited, and pose no undue burden on Plaintiff as he is not the responding party. The requests are also extremely relevant to the claims and defenses in this case – specifically the consent

defense – and are proportional to the needs of the case because Defendants have no other way of identifying an IP address subscriber except by issuing a subpoena to the appropriate ISP. Moreover, other courts have unequivocally found that IP address subscriber information is discoverable and relevant where the identity of the subscriber is needed to prove a claim or defense.

Finally, Plaintiff has not even stated that the IP addresses at issue are his, therefore any supposed privacy right that Plaintiff claims is conclusory. In fact, if Plaintiff would admit that he is the subscriber of the IP addresses, then the subpoenas might not be necessary at all. But, that is not the scenario; thus, Defendants must seek the identity of the subscriber from the ISP Providers. Therefore, the Motion should be denied.

## ARGUMENT

### I. LEGAL STANDARD

Under Rule 45, "[t]he general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Guzman v. Latin Am. Entm't, LLC*, No. 6:13-CV-41, 2014 WL 12599345, at *1 (S.D. Tex. July 2, 2014). *See also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). "But a mere claim of personal right or privilege does not automatically confer standing." *Schaumleffel v. Muskingum Univ.*, No. 2:17-CV-463, 2019 WL 3071851, at *2 (S.D. Ohio July 15, 2019). Indeed, "[t]he party seeking to quash a subpoena bears a heavy burden of proof." *Ajuba Int'l, LLC v. Saharia*, No. 1:11-CV-12936, 2014 WL 4793846, at *2 (E.D. Mich. Sept. 25, 2014). To meet that heavy burden, the movant must make more than "conclusory" assertions of an interest or privilege. *See Hamm v. Cunningham*, No. 1:12CV124, 2012 WL 13027079, at *1 (N.D. Ohio

May 16, 2012) (finding that "conclusory" assertions of confidentiality failed to satisfy heavy burden of proof).

Even when a personal right or privilege is adequately alleged, "a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because *only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds*." *Guzman*, 2014 WL 12599345, at *1 (emphasis added) (quoting *Frazier v. RadioShack Corp.*, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). The party resisting discovery must demonstrate good cause for a protective order and show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).

## II. THE T-MOBILE AND GOOGLE SUBPOENAS ARE MOOT

Google, LLC and T-Mobile USA, Inc. have each informed counsel for Defendants that they are unable to locate subscriber information using the form of IP addresses provided. Therefore, the Motion, as it relates to these two subpoenas, is moot.[1]

## III. PLAINTIFF HAS NOT ASSERTED ANY PRIVACY RIGHT

In order for Plaintiff to have standing to move to quash the subpoena, he must make a nonconclusory claim of a personal privacy right – not another person's privacy rights – relating to the information being sought. *Guzman*, 2014 WL 12599345, at *1. *See also Brown*, 595 F.2d at 967; *Hamm*, 2012 WL 13027079, at *1. Additionally, in the context of IP address-related discovery, there is no privacy right in the name and address associated with an IP address, even if it is the movant's own IP address. *Manny Film LLC v. Doe*, No. 8:15-CV-496-T-35MAP, 2015 WL 12862914, at *1 (M.D. Fla. May 26, 2015).

Plaintiff has not established any privacy right in the information being requested because he does not even admit that the IP addresses at issue are his. Instead, Plaintiff reasons that because he is the "only person involved in this case," then "Defendants *appear* to be seeking information regarding Plaintiff's IP addresses." Motion at 3 (emphasis added). But Plaintiff is the only source of information that could confirm whether the IP addresses are his, other than the ISP Providers. Plaintiff could very easily determine whether the IP addresses belong to one of his electronic devices by searching "What is my IP address?" in the Google search bar from the respective device. Or, he could go to the network settings on his internet connected device(s) and locate the IP address there. But Plaintiff has not done so and has only alleged in conclusory

---

[1] Defendants do not waive their right to seek the requested information from Plaintiff and/or these companies in the future in the event that Plaintiff should or may have the information or because some other identifier provides the companies with the ability to locate the responsive information.

fashion that *someone's* privacy rights will be violated. Plaintiff has no standing to protect *someone* in his Motion, only himself. *Guzman*, 2014 WL 12599345, at *1. Even if Plaintiff established that the IP addresses were his, he would still have no privacy right in the name and address associated with an IP address. *Manny Film LLC*, 2015 WL 12862914, at *1.

Finally, the cases that Plaintiff cites in support of his privacy argument are irrelevant here. *Tingle*, *Hespe*, and *Areizaga*, dealt with forensic examinations of a party's personal electronic device, such as a computer or cellular telephone, and *Riley* was an appeal of a criminal conviction based on a warrantless search of data stored on a cellular telephone. Motion at 5-7. Those are not the scenarios here. Not even close. Defendants are not, at this time, seeking any forensic examination of personal devices (though they would be entitled to such examinations in certain circumstances and may request these inspections from Plaintiff in this case[2]), but instead seek very limited subscriber identity information and browser history, from third parties, for specific IP addresses on specific dates that correspond directly with the opt-ins that provide an absolute defense to the claims in the Complaint. These subpoenas are in no way comparable to a full forensic examination of Plaintiff's personal devices, and courts have found this sort of discovery to be relevant, proportional, and in fact necessary in circumstances like this. *See, e.g.*, *Jackson v. Caribbean Cruise Line, Inc.*, No. CV 14-2485 ADS AKT, 2014 WL 6474832, at *5 (E.D.N.Y. Nov. 19, 2014) (finding that release of subscriber information for the individual who consented to a complained of communication was "central to establishing [a defendant's] defenses in [a] TCPA action," because "[t]he TCPA explicitly exempts from liability autodialed calls to a cell phone 'made with the prior express consent of the called party.'"). *See also*

[2] Plaintiff should be aware of his obligations to preserve such evidence.

Section V, *infra*. Accordingly, Plaintiff's plea to quash the subpoenas on privacy grounds should be denied.

## IV. PLAINTIFF HAS NO STANDING TO OBJECT BASED ON UNDUE BURDEN

Plaintiff contends that the subpoenas present an undue burden because they are facially overbroad in that they seek "all 'network transactions' from unidentified IP addresses." Motion at 8. First of all, Plaintiff's reading of the subpoenas is simply inaccurate, as the subpoenas clearly seek only the network transactions for the specific IP addresses on the specific dates identified in the respective subpoenas. Second, undue burden is not Plaintiff's argument to make. "The law is clear that only [the ISP Providers], the entit[ies] responding to the subpoena[s], ha[ve] standing to argue undue burden or relevance. *Schaumleffel*, 2019 WL 3071851, at *3 (citing *S. Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, No. 3:15-CV-151-CRS, 2016 WL 11200224, at *3 (W.D. Ky. Jan. 13, 2016) (explaining that nonparty was "entirely capable . . . to make such arguments by way of his own motion to quash")); *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 76.190.140.193*, No. 1:15 CV 1342, 2015 WL 6758219, at *2 (N.D. Ohio Nov. 5, 2015) (holding the same); *Griffiths v. Ohio Farmers Ins. Co.*, No. 1:09-CV-1011, 2010 WL 2639918, at *2 (N.D. Ohio June 29, 2010) (holding the same); *Hackmann v. Auto Owners Ins. Co.*, No. CIV.A. 2:05-CV-876, 2009 WL 330314, at *2 (S.D. Ohio Feb. 6, 2009) (finding that "whether or not [plaintiff's relevance arguments] are well-founded, [p]laintiff has no standing to move to quash" subpoena against nonparty)). None of the ISP Providers have opposed the subpoenas as unduly burdensome.

Even if Plaintiff did have standing to make this argument, he has failed to meet his evidentiary burden for seeking a protective order based on undue burden. A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive

by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill*, 227 F.R.D. at 477; *see also S.E.C.*, 238 F.R.D. at 437 ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). Plaintiff has presented no evidence that he would endure any burden from the acts of third parties responding to the subpoenas, thus his objection fails.

## V. THE SUBPOENAS SEEK RELEVANT INFORMATION

Plaintiff's relevance argument ignores the straightforward and narrow requests set forth in the subpoenas, and instead focuses on a desire to protect information that was not requested. Plaintiff contends that Defendants ***could*** be seeking "Plaintiff's personal banking transactions, private emails, private text messages, contact lists, photographs, websites visited and browser history." Motion at 8. But the subpoenas clearly are only seeking two things: (1) subscriber information linked to a particular IP address on a particular date; and (2) browser history for the subscriber linked to a particular IP address on a particular date. *See* Pl.'s App. at pp. 5, 8, 11, and 14. Banking transactions, private emails, private text messages, contact lists, and photographs have not been requested, and Plaintiff's insistence that they have been is irrational.

The law is clear that the information actually being sought, subscriber information and very limited browser history, is relevant, discoverable, and in fact necessary to prove a claim or defense where the only reliable identifying information in a party's custody is an IP address. *See Manny Film LLC*, 2015 WL 12862914, at *1 (finding no legal support for suggestion that a movant has a privacy right in the name and address associated with an IP address, even if it is the movant's own ISP); *Dallas Buyers Club, LLC. v. Ripple*, No. CIV.A. H-14-3393, 2015 WL 1346217, at *2 (S.D. Tex. Mar. 23, 2015) (holding subpoena to ISP provider to disclose identity of IP address subscriber was appropriate so the subscriber could be named in a copyright

infringement claim); *Malibu Media*, No. 12 Civ. 2955, 2012 WL 3104887, at *2 (S.D.N.Y. Jul.31, 2012) (finding that "plaintiff has no reasonable means other than through the ISPs by which to identify the individuals allegedly involved").

Discovery of subscriber information from ISP providers has been granted in similar circumstances to this case, where an individual provided an online opt-in to receive the complained of communications in a TCPA lawsuit. *See Jackson*, 2014 WL 6474832, at *5 (finding that release of subscriber information for the individual who consented to a complained of communication was "central to establishing [a defendant's] defenses in [a] TCPA action," because "[t]he TCPA explicitly exempts from liability autodialed calls to a cell phone 'made with the prior express consent of the called party."). Because consent is an affirmative defense for which Defendants bear the burden of proof, "compelling disclosure of documents associated with the requested IP address . . . would be relevant to addressing the issue of whether Plaintiff, or some other individual, 'opted-in' or manifested consent to receiving the allegedly unlawful" communications. *Id.* Similarly, here, Defendants have no reasonable means other than through the disclosure of third party subscriber information by which to identify the individual(s) involved in consenting to receive the complained of communications. *Id.* Therefore, the subpoenas seeks relevant information and Plaintiff's contrary position lacks merit.

## **CONCLUSION**

Plaintiff does not have standing to move to quash the subpoenas for any of the reasons set forth in the Motion. Even if Plaintiff's Motion was procedurally appropriate, it should be denied because the subpoenas are narrowly drafted to seek only information that is relevant and proportional to the needs of the case. Plaintiff's Motion should be denied.

DATED: January 28, 2020

Respectfully submitted,

By: */s/ Jeffrey A. Backman*
JEFFREY A. BACKMAN (*pro hac vice*)
Florida Bar No. 662501
Gregg I. Strock (*pro hac vice*)
Florida Bar No. 1010140
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
marie.kusek@gmlaw.com

AND

Daniel L Bates, TX Bar No. 01899900
DECKER JONES MCMACKIN
MCCLANE HALL & BATES
801 Cherry St
Suite 2000 Unit 46
Fort Worth, TX 76102
Phone: (817) 336-2400
Fax: (817) 332-3043
Email: dbates@deckerjones.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 28, 2020, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

By: */s/ Jeffrey A Backman*
Jeffrey A. Backman