U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 3 2020
CLERK, U.S. DISTRICT COURT
By________
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JACOB ODOM, individually and on behalf of all others similarly situated** | § § § § | |
| **V.** | § | **CIVIL ACTION NO. 4:19-CV-631-P** |
| **USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC.** | § § § | |

**ORDER DENYING PLAINTIFF'S MOTION TO QUASH, MOTION TO STAY, AND FOR PROTECTIVE ORDER**

Pending before the Court is Plaintiff's Motion to Quash, Motion to Stay and for Protective Order [doc. 17], filed January 7, 2020. In his First Amended Class Action Complaint, Plaintiff alleges that Defendants "willfully violated the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA") and the Texas laws prohibiting illegal telemarketing call, Chapter 305 of the Texas Business and Commerce Code, *et seq.* ("TX TCPA"), and invaded Plaintiff's privacy by causing unsolicited calls and text messages to be made to Plaintiff, as well as to members of the Classes . . . despite their registration on the national do-not-call list, and despite their requests that the calls cease." Plaintiff's First Amended Class Action Complaint at 1. Defendants, in their answer, have denied liability and set forth affirmative defenses, including that the alleged calls to Plaintiff and each putative class member were not unwanted and that Plaintiff's claims are barred by the doctrine of consent.[1]

Defendants, on December 27, 2019, filed a Notice of Intent to Serve Rule 45 Document Subpoenas on the following non-parties: (1) T-Mobile USA, Inc. ("T-Mobile"), (2) Frontier

[1] Defendants have not yet filed an answer to Plaintiff's First Amended Class Action Complaint, which was recently filed on March 10, 2020.

Communications ("Frontier"),[2] (3) Bigleaf Networks, Inc. ("Bigleaf"),[3] and Google, LLC ("Google"). (Plaintiff's Brief in Support of Motion to Quash, Motion to Stay and for Protective order ("Pl.'s Br.") at 2; *see also* Plaintiff's Appendix in Support of Motion to Quash and for Protective Order ("Pl.'s App.") at 3–16.) Plaintiff, in his motion, requests the Court to quash the subpoenas to the third-parties, stay production under the subpoenas, and enter a protective order limiting the subpoenas for the following reasons: (1) he has standing to quash the subpoena pursuant to Federal Rule of Civil Procedure("Rule") 45 and to move for a protective order pursuant to Rule 26 because he has "a personal right or privilege to [his] own IP addresses, network transactions, telephone numbers, device numbers and web browsing history;" (2) Defendants' requests are disproportional to the needs of the case; (3) Defendant's requests are not relevant to this case as "network transactions" could "necessarily include Plaintiff's personal banking transactions, private emails, private text messages, contact lists, photographs, websites visited and browser history;" and (4) Defendants' subpoenas are facially overbroad. (Pl.'s Br. at 5–8.) Plaintiff also requests that the Court enter a protective order that "precludes Defendants from engaging in intrusive and unreasonable discovery." (Pl.'s Br. at 9.)

In their response, Defendants state, *inter alia*, that "Google, LLC and T-Mobile USA, Inc. have each informed counsel for Defendants that they are unable to locate subscriber information using the form of IP addresses provided." (Defendants' Response in Opposition to Plaintiff's Motion to Quash, Motion to Stay and for Protective Order ("Defs.' Resp.") at 5. Thus, Defendant claims that Plaintiff's motion, as it relates to the subpoenas issued to these two companies, is moot. (*Id.*)

---

[2] The subpoena to Frontier requests "[d]ocuments identifying subscriber information, including but not limited to (a) customer name, (b) address, (c) network transactions, and (d) telephone or device number for IP address 47.184.26.19 on Jan. 11-12, 2019; and (2) Web browser history for IP address 47.184.26.19 on Jan. 11-12, 2019." (Pl.'s App. at 8.)

[3] The subpoena to Bigleaf requests "[d]ocuments identifying subscriber information, including but not limited to (a) customer name, (b) address, (c) network transactions, and (d) telephone or device number for IP address 209.170.229.226 on Mar. 10-11, 2019; and (2) Web browser history for IP address 209.170.229.226 on March. 10-11, 2019." (Pl.'s App. at 14.)

Defendants also argue that: (1) Plaintiff has not asserted any privacy right to have standing to move to quash the subpoena; (2) Plaintiff has no standing to object based on undue burden; and (3) the subpoenas seek relevant information. (Defs.' Resp. at 5–9.)

Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits." Fed. R. Civ. P. 26(b)(1). However, Rule 26(c), which pertains to protective orders, authorizes a court, for good cause, to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In addition, Rule 45(d) requires the court to quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. Fed. R. Civ. P. 26(d)(3).

After reviewing the motion, response, and reply, the Court concludes that the information sought from Frontier and Bigleaf is relevant, proportional to the needs of the case, not overbroad, and not unduly burdensome. Specifically, the Court notes that the requests in the subpoenas to Frontier and Bigleaf are narrowly defined and limited to seeking information on specific IP addresses on very specific dates. Contrary to Plaintiff's assertions that the subpoenas should be quashed on privacy grounds, the subpoenas, as noted by Defendants, are not: (1) requesting to inspect any personal devices of Plaintiff, (2) obtain personal photos; (3) obtain the content of text messages or emails; or (4) obtain personal banking information. Consequently, Plaintiff's motion should be **DENIED** as to the subpoenas issued to Frontier and Bigleaf. Based on Defendants' assertion that Google and T-Mobile are unable to locate subscriber information using the form of IP addresses provided, the Court finds that Plaintiff's motion as to these two corporations is **DENIED AS MOOT**.

The Court strongly recommends that the parties, prior to exchanging any further discovery, prepare and sign a joint protective order that protects all parties and information obtained in discovery during the course of this litigation.

SIGNED March ~~19~~ 23, 2020.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE