**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS (FORT WORTH)**

**CASE NO.: 4:19-cv-00631-P**

JACOB ODOM, individually and on behalf of all other similarly situated,

**CLASS ACTION**

Plaintiff,

v.

USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC.,

Defendants.

/

**DEFENDANT USHEALTH ADVISORS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, USHEALTH Advisors, LLC ("USHA"), a Texas limited liability company, files its Answer and Affirmative Defenses in response to the First Amended Class Action Complaint (ECF 26) ("Complaint") of Plaintiff Jacob Odom ("Plaintiff"), individually and on behalf of others similarly situated.

**ANSWER**

1. USHA admits that Plaintiff brings this action due to alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and Chapter 305 of the Texas Business and Commerce Code, *et seq.* ("TX TCPA"), and denies any wrongdoing or that Plaintiff is entitled to any relief sought in the Complaint.

2. Paragraph 2 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 2 of the Complaint, and denies that Plaintiff is entitled to any relief sought therein.

**PARTIES**

3. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. USHA admits that USHEALTH Group, Inc. ("USHG")is a corporation organized under the laws of Delaware and that its principal place of business is in Fort Worth, Texas. USHA denies truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5. USHA admits that itis a limited liability company organized under the laws of Texas and that USHA's principal place of business is in Fort Worth, Texas. USHA denies the truth of the remaining allegations contained in Paragraph 5 of the Complaint

6. Paragraph 6 of the Complaint is improper because it lumps USHA with Defendant USHG) – a separate and distinct legal entity – and with Defendants' officers, directors, vice-principals, agents, servants, or employees. This tactic is not allowed under Rule 8 of the Federal Rules of Civil Procedure because the allegations against the lumped together parties and non-parties do not put either Defendant on fair notice of the allegations against it. The statements set forth in this Answer apply to USHA only and to no other party whether named in the lawsuit or not, and are made as if the allegation being responded to has been made against USHA only, as it would be impossible and improper to expect USHA to respond as to USHG or Defendants' officers, directors, vice-principals, agents, servants, or employees. To the extent a response is required, USHA denies the allegations contained in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. USHA admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331. USHA denies the remaining allegations in Paragraph 7 of the Complaint.

8. USHA denies the truth of the allegations contained in Paragraph 8 of the

Complaint.

9. USHA denies the truth of the allegations contained in Paragraph 9 of the Complaint.

10. USHA admits that its corporate headquarters are in this district, but denies that it made any unlawful robocalls within this District or any other District.

11. USHA admits that its corporate headquarters are in this district, but denies that exercising personal jurisdiction over USHA would not offend traditional notions of fair play or substantial justice.

## THE TCPA AND REGULATIONS

12. Paragraph 12 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in

Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 21 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

22. USHA is uncertain as to whether Paragraph 22 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 22 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 22 of the Complaint.

23. USHA is uncertain as to whether Paragraph 23 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the

allegations in Paragraph 23 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 23 of the Complaint.

24. USHA is uncertain as to whether Paragraph 24 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 24 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 24 of the Complaint.

25. USHA is uncertain as to whether Paragraph 25 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 25 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 25 of the Complaint.

26. USHA is uncertain as to whether Paragraph 26 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 26 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 26 of the Complaint, and all of its subparts.

27. USHA is uncertain as to whether Paragraph 27 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 27 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 27 of the Complaint.

## FACTUAL BACKGROUND AS TO PLAINTIFF

28. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. USHA is uncertain as to whether Paragraph 31 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 31 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 31 of the Complaint.

32. USHA is uncertain as to whether Paragraph 32 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 32 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 32 of the Complaint.

33. USHA denies the truth of the allegations contained in Paragraph 33 of the Complaint.

34. USHA admits the truth of the allegations in Paragraph 34 of the Complaint.

35. USHA admits the truth of the allegations in Paragraph 35 of the Complaint.

36. USHA admits the truth of the allegations in Paragraph 36 of the Complaint.

37. USHA is uncertain as to whether Paragraph 37 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 37 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 37 of the Complaint.

38. USHA is uncertain as to whether Paragraph 38 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 38 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 38 of the Complaint.

39. USHA is uncertain as to whether Paragraph 39 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 39 are directed at USHA, USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and denies that any of the unwanted calls came from USHA.

40. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and denies that any of the unwanted calls came from USHA.

43. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and denies that any of the unwanted calls came from USHA.

44. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and denies that any of the unwanted calls came from USHA.

45. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and denies that any of the unwanted calls came from USHA.

46. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and denies that any of the

unwanted calls came from USHA.

47. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and denies that any of the unwanted calls came from USHA.

48. USHA denies the truth of the allegations contained in Paragraph 48 of the Complaint.

49. USHA denies the truth of the allegations contained in Paragraph 49 of the Complaint.

50. USHA denies the truth of the allegations contained in Paragraph 50 of the Complaint.

51. USHA denies the truth of the allegations contained in Paragraph 51 of the Complaint.

52. USHA denies the truth of the allegations contained in Paragraph 52 of the Complaint.

53. USHA denies the truth of the allegations contained in Paragraph 53 of the Complaint.

54. USHA denies the truth of the allegations contained in Paragraph 54 of the Complaint.

55. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and denies that any of the unwanted calls came from USHA.

56. USHA denies the truth of the allegations contained in Paragraph 56 of the Complaint.

57. USHA denies the truth of the allegations contained in Paragraph 57 of the Complaint.

58. USHA denies the truth of the allegations contained in Paragraph 58 of the Complaint.

59. USHA denies the truth of the allegations contained in Paragraph 59 of the Complaint.

60. USHA denies the truth of the allegations contained in Paragraph 60 of the Complaint.

61. USHA denies the truth of the allegations contained in Paragraph 61 of the Complaint.

62. USHA denies the truth of the allegations contained in Paragraph 62 of the Complaint.

63. USHA denies the truth of the allegations contained in Paragraph 63 of the Complaint.

64. USHA denies the truth of the allegations contained in Paragraph 64 of the Complaint.

65. USHA denies the truth of the allegations contained in Paragraph 65 of the Complaint.

66. USHA denies the truth of the allegations contained in Paragraph 66 of the Complaint.

67. USHA denies the truth of the allegations contained in Paragraph 67 of the Complaint.

68. USHA admits the truth of the allegations contained in Paragraph 68 of the

Complaint.

69. USHA admits the truth of the allegations contained in Paragraph 69 of the Complaint.

70. USHA admits the truth of the allegations contained in Paragraph 70 of the Complaint.

71. USHA denies the truth of the allegations contained in Paragraph 71 of the Complaint.

72. USHA denies the truth of the allegations contained in Paragraph 72 of the Complaint.

73. USHA denies the truth of the allegations contained in Paragraph 73 of the Complaint.

74. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

**LEGAL BASIS FOR CLAIMS**

75. USHA is uncertain as to whether Paragraph 75 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 75 are directed at USHA, Paragraph 75 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 75 of the Complaint.

76. USHA is uncertain as to whether Paragraph 76 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 76 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 76 of the Complaint.

77. USHA is uncertain as to whether Paragraph 77 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 77 are directed at USHA, USHA denies the truth of the allegations contained in Paragraph 77 of the Complaint.

78. USHA is uncertain as to whether Paragraph 78 of the Complaint is directed at USHA because USHA is improperly lumped with USHG. *See supra*, ¶ *6*. To the extent the allegations in Paragraph 78 are directed at USHA, USHA admits that Plaintiff brings this lawsuit on behalf of himself purported classes of similarly situated individuals, and USHA denies that it violated the TCPA or that Plaintiff or the purported classes are entitled to the relief sought in Paragraph 78 of the Complaint.

79. USHA denies that Plaintiff or the purported classes are entitled to the relief sought in Paragraph 79 of the Complaint and all of its subparts.

**CLASS ACTION ALLEGATIONS**

80. USHA denies that any class defined in Paragraph 80 of the Complaint, and all of its subparts, should be certified.

81. USHA denies the truth of the allegations contained in Paragraph 81 of the Complaint.

82. USHA denies the truth of the allegations contained in Paragraph 82 of the Complaint.

83. USHA denies the truth of the allegations contained in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in

Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint, and the subparts therein, states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 85 of the Complaint, and all of its subparts.

86. Paragraph 86 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required, USHA denies the allegations contained in Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 94 of the Complaint.

## FIRST CAUSE OF ACTION

95. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

96. USHA denies the truth of the allegations contained in Paragraph 96 of the Complaint.

97. USHA denies the truth of the allegations contained in Paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 99 of the Complaint.

100. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 100 of the Complaint.

101. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 101 of the Complaint.

**SECOND CAUSE OF ACTION**

102. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

103. Paragraph 103 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 103 of the Complaint, and denies that Plaintiff is entitled to the relief sought in Paragraph 103 of the Complaint.

**THIRD CAUSE OF ACTION**

104. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

105. USHA denies the truth of the allegations contained in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 107 of the Complaint.

108. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 108 of the Complaint.

109. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 109 of the

Complaint.

**FOURTH CAUSE OF ACTION**

110. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

111. Paragraph 111 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 111 of the Complaint, and denies that Plaintiff is entitled to the relief sought in Paragraph 111 of the Complaint.

**FIFTH CAUSE OF ACTION**

112. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

113. USHA denies the truth of the allegations contained in Paragraph 113 of the Complaint.

114. USHA denies the truth of the allegations contained in Paragraph 114 of the Complaint.

115. Paragraph 115 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 116 of the Complaint.

117. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 117 of the Complaint.

118. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 118 of the Complaint.

**SIXTH CAUSE OF ACTION**

119. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

120. USHA denies the truth of the allegations contained in Paragraph 120 of the Complaint.

121. Paragraph 121 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 121 of the Complaint.

122. Paragraph 122 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 122 of the Complaint

123. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 123 of the Complaint.

124. USHA denies that Plaintiff is entitled to the relief sought in Paragraph 124 of the Complaint.

125. USHA denies each and every allegation in the Complaint not specifically admitted herein and denies that Plaintiff is entitled to the relief requested in the Complaint, including the WHEREFORE clause and all of its subparts "a." through "g."

**DEFENSES AND AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against USHA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment. The elements of Rule 23(a) and (b) cannot be met, and individualized fact issues, including the provision and revocation of consent will predominate over any alleged common issues, will predominate over common issues.

**THIRD AFFIRMATIVE DEFENSE**

Any alleged calls to Plaintiff and each putative class member were not “unwanted.” Plaintiff’s claims are barred by the doctrine of consent, by his and class members’ prior express written consent to receive solicitations on their cellular and/or residential telephone numbers, and such consent was never validly revoked.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff’s claims and claims of putative class members are barred by the doctrines of Estoppel and Unclean Hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff’s and putative class members’ damages, if any, and none being admitted, were

not caused by USHA, but by another person or entity, including Plaintiff and putative class members, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and putative class members did not suffer any concrete harm separate and apart from a violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and putative class members therefore lack standing.

**SEVENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by USHA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA and C.F.R. § 64.1200(C)(2) and 47 C.F.R. § 64.1200(d).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the imposition on USHA of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of USHA's constitutional rights under the Due Process provisions of the United Statutes Constitution and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**TENTH AFFIRMATIVE DEFENSE**

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf. A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint must be dismissed because it is a shotgun pleading that incorporates all preceding allegations into each cause of action, and conflates the Defendants with each other

and non-parties such that the allegations against one defendant cannot be distinguished from the allegations against the other.

**THIRTEENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements. Additionally, USHA raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent any provision of the TCPA was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

USHA asserts that Plaintiff has not alleged any plausible facts to establish that USHA has acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct, and therefore Plaintiff is barred from recovering treble damages under the TCPA.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because their registration on the National Do-Not-Call registry, and requests to be placed on USHA's internal do-not-call list, are invalid as a result of holding their cellphone numbers out to the public as

business telephone lines, and because their cellular telephones are not residential telephone lines.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because they never revoked consent and requested to be placed on any internal do-not-call list.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff premises liability upon a special relationship between USHA and the actual entities or individuals that allegedly called Plaintiff – which Plaintiff has not adequately alleged – Plaintiff's claims against USHA would be barred because no facts support any theory of vicarious liability against USHA for acts of third parties outside the scope of their actual or apparent authority and Plaintiff has not conferred any benefit on USHA that could be deemed a ratification of alleged acts of third parties outside the scope of authority.

**NINETEENTH AFFIRMATIVE DEFENSE**

Claims of the Plaintiff and the putative class members are barred by their agreement to arbitrate all of their TCPA claims against USHA, and they waived their right to bring or participate in class action for their TCPA claims against USHA.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members brought under 47 C.F.R. 64.1200(d) and (e) are barred because the TCPA does not provide a private right of action for consumers pursuant to these regulations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members brought under the Texas Telephone Protection Act, Tex. Bus. & Com. Code §305.053 ("Texas TCPA"), are barred because the Texas TCPA proscribes only that conduct which is also prohibited by the federal

TCPA. As no violation of the TCPA exists, there is no violation of the Texas TCPA.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members brought under the Texas Telephone Protection Act, Tex. Bus. & Com. Code §305.053 ("Texas TCPA"), are barred because USHA is not the person who originated the communications alleged in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's internal do-not-call claims are barred because he never requested to be placed on USHA's internal-do-not-call list.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because USHA has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §227(c).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because, pursuant to the FCC, USHA was entitled to reasonably rely on prior express written consent containing Plaintiff's and putative class members' telephone numbers until USHA was notified that the number was wrong or reassigned. Plaintiff never put USHA on notice that he was not the individual who provided prior express written consent using his telephone number.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because their registration on the National Do-Not-Call registry, and requests to be placed on USHA's internal do-not-call list, are invalid because they are not residential telephone subscribers under 47 U.S.C

§ 227(c), or 47 C.F.R. 64.1200(c) and (d).

WHEREFORE, USHEALTH Advisors, LLC requests that this Court enter judgment against Plaintiff and in favor of USHA, dismiss this action with prejudice, deny Plaintiff's request for class certification, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: March 31, 2020

Respectfully submitted,

By: *_/s/ Jeffrey A. Backman_*

JEFFREY A. BACKMAN (Pro Hac Vice)
Florida Bar No. 662501
Gregg I. Strock (Pro Hac Vice)
Florida Bar No. 1010140
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
marie.kusek@gmlaw.com

AND

Daniel L Bates, TX Bar No. 01899900
DECKER JONES MCMACKIN
MCCLANE HALL & BATES
801 Cherry St
Suite 2000 Unit 46
Fort Worth, TX 76102
Phone: (817) 336-2400
Fax: (817) 332-3043
Email: dbates@deckerjones.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 31, 2020, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

By: */s/ Jeffrey A Backman*
Jeffrey A. Backman