**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS (FORT WORTH)**

JACOB ODOM, individually and on behalf of all other similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., and USHEALTH ADVISORS, LLC,

Defendants.
________________________________________/

**CASE NO.: 4:19-cv-00631-P**

**CLASS ACTION**

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DENY CLASS CERTIFICATION**

## I. INTRODUCTION

Plaintiff Jacob Odom ("Odom") seeks to represent a nationwide class of individuals, as well as Texas subclasses, contacted by tens of thousands of non-party independent insurance advisors—independent contractors—who sell insurance products and are contracted with USHEALTH Advisors, LLC ("USHA"), after they registered their telephone numbers on the National Do-Not-Call Registry ("NDNC"), or USHA's internal-do-not-call list ("IDNC"), allegedly in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and Chapter 305 of the Texas Business and Commerce Code, *et seq.* ("TX TCPA").[1] *See* ECF 26, ¶ 80. Based on the undisputed record, the law does not support class certification here for numerous reasons, but two simple ones for purposes of this limited Motion: Odom and his counsel have failed to comply with Local Rule 23.2, and they cannot satisfy the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4).[2]

---

[1] Plaintiff's proposed classes are nearly identical to the ones before the Court in *Aaron Hirsch v. USHEALTH Advisors, LLC et al.*, No. 4:19-cv-00245-P (N.D. Tex.) (the "*Hirsch* Case"). However, in this case, Odom and his counsel seek to represent two subclasses of Texas residents, and Odom's counsel seeks to represent a subclass of Maryland residents in the *Hirsch* Case. Another distinction is that the *Hirsch* Case seeks redress for class members for alleged TCPA violations stemming back to March 2014, while Odom seeks redress on behalf of class members for alleged violations going back to August 2015. Odom's class definitions also correctly account for certain statutory safe harbors that Hirsch's proposed class definitions do not.

[2] This is a preemptive motion to deny class certification. Defendants contend, as they do in the *Hirsch* Case and for the same reasons, that ascertainability, numerosity, commonality, typicality, predominance, superiority, and manageability cannot be met in this case. *See Hirsch* ECF Nos. 190, 191, 193. Each of the arugments raised in opposition to class certification in the *Hirsch* Case are equally applicable here, among others, and preclude certification. However, Defendants need not prove that every requirement of Fed. R. Civ. P. 23 cannot be met. It is Plaintiff's burden to show the Court that certification is appropriate, so Defendants' decision not to address the other Rule 23 requirements in this limited Motion does not waive their right to oppose certification on other grounds in the event this Motion is denied and Plaintiff later moves to certify a class. Defendants submit this Motion without waiver of any arguments that could be raised in response to an affirmative motion by Plaintiff to certify a class.

## II. ARGUMENT

### a. Legal Standard

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. To be certified, a class must satisfy the following threshold requirements of 23(a): (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality ("named parties' claims or defenses are typical ... of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interest of the class"). *Wal–Mart v. Dukes,* 131 S.Ct. 2541, 2548 (2011); *Amchem Prods ., Inc. v. Windsor,* 521 U.S. 591, 613 (1997). In addition, the class must satisfy one of the grounds listed in Rule 23(b). *Dukes,* 131 S.Ct. at 2548. Rule 23(b)(3), under which Odom seeks certification, imposes two prerequisites, predominance and superiority. Fed. R. Civ. P. 23(b)(3); *see also Amchem,* 521 U.S. at 615; *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir.2005).

Pursuant to Rule 23(c)(1), a defendant may move to deny class certification. *See Richardson v. Bledsoe*, 829 F.3d 273, 288 (3d Cir. 2016); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940 (9th Cir. 2009). "Although the Fifth Circuit has not directly addressed the issue, it has sanctioned the disposal of class allegations at the pleading stage," *see In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 14-2722, 2020 WL 444292, at *4 (E.D. La. Jan. 28, 2020) (citing *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)), and "courts within this district have granted such motions with approval from the [Fifth Circuit]." *Id.* (citing *Chevron USA, Inc. v. Vermilion Par. Sch. Bd.*, 215 F.R.D. 511, 515 (W.D. La. 2003) (granting motion to deny class certification),

*aff'd*, 377 F.3d 459, 464 (5th Cir. 2004); *Brandner v. Abbott Labs., Inc.*, No. CIV.A. 10-3242, 2012 WL 195540, at *1 (E.D. La. Jan. 23, 2012) (same)).

**b. <u>Odom Failed To Comply With Local Rule 23.2</u>**

In this district, the Local Rules require that a plaintiff move for class certification within ninety (90) days of filing a class action complaint, unless otherwise ordered by the Court. *See* N.D. Tex. Loc. R. 23.2. This Local Rule serves to effectuate the Federal Rules' directive that courts determine whether to certify a class promptly after a class action lawsuit is filed. *See* *Harper v. Am. Airlines, Inc.*, No. 4:09-CV-318-Y, 2009 WL 4858050, at *1 (N.D. Tex. Dec. 16, 2009); Fed. R. Civ. P. 23(c)(1)(A). Despite filing suit on August 9, 2019, (ECF 1), and his counsel being reminded of the Rule by the Court in the *Hirsch* Case on April 17, 2020, (*Hirsch* ECF 164), Odom still has not sought certification or relief from the deadline imposed by Local Rule 23.2. Under the Local Rules, any motion for certification was due November, 2019.[3] Defendants also reminded Plaintiff and his counsel of LR 23.2 in their discovery responses served on April 1, 2020. *See*¸*e.g.*, App 1-9.

Class certification may be denied, or class allegations stricken from a complaint, "for failure to comply with the local rules or court orders." *See, e.g., Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. 3: 06-CV-0271-B, 2006 WL 8437810, at *1 (N.D. Tex. Aug. 28, 2006); *Kramer v. New Orleans Saints*, 2002 WL 1163619, at *1 (E.D. La. May 30, 2002); *Joseph N. Main P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573, 575-77 (N.D. Tex. 1996); *see also Burkhalter v. Montgomery Ward & Co.*, Inc., 676 F.2d 291, 294 (8th Cir. 1982) (district court justified in striking class allegations when no timely motion for class certification); *Walton*

---

[3] Odom filed his FAC on March 10, 2020. Even if the deadline under Local Rule 23.2 was somehow automatically enlarged by Plaintiff's filing of the FAC (after he already missed the deadline), any motion for class certification was due June 8, 2020. So Odom has now ignored the mandate of the Local Rule twice.

*v. Eaton Corp.*, 563 F.2d 66, 75 n.11 (3d Cir. 1977) (no abuse of discretion to deny motion for certification that was untimely under local rule)). Moreover, the class prerequisite that the named plaintiff is an adequate representative considers, among other issues, whether the named plaintiff has prosecuted the action vigorously, *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003), and failure to pursue a motion for class certification is indicative of having an inadequate representative. *See Super Future Equities, Inc.*, 2006 WL 8437810, at *1 (N.D. Tex. Aug. 28, 2006); *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695-97 (N.D.Fla.2006); *Harper*, 2009 WL 4858050, at *4. As Plaintiff and is counsel have undisputedly ignored the Local Rules, the Court should deny class certification. *See Price v. United Guar. Residential Ins. Co.*, No. CIV.A.3:03-CV-2643-G, 2005 WL 265164, at *3 (N.D. Tex. Feb. 2, 2005); *see also Wilson v. Jackson*, No. 3:14-CV-03748-N-BK, 2014 WL 6901810, at n. 3 (N.D. Tex. Dec. 8, 2014); *Payne v. D&D Investments, Inc.*, No. 4:13-CV-690-O, 2014 WL 12531186, at *3 (N.D. Tex. Apr. 7, 2014); *Harper*, 2009 WL 4858050 at *3; *Super Future Equities, Inc.*, 2006 WL 8437810, at *1; *Harrell v. Bowles*, No. CIV.A.3:04-CV-1216-P, 2005 WL 975378, at n.2 (N.D. Tex. Apr. 25, 2005); *Joseph N. Main P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573 (N.D. Tex. 1996).

**c. Odom and His Counsel Are Inadequate Class Representatives**

In addition to the adequacy questions raised by failing to comply with LR 23.2, there is also a major conflict of interest that precludes Odom's counsel from being class counsel in this case: He is currently representing a different proposed class representative in the *Hirsch* Case against these same Defendants, and is seeking to certify competing classes in that case. Under these circumstances, the conflict of interest, or, at a minimum, appearance of a conflict, precludes certification for failure to satisfy the adequacy requirement under Fed. R. Civ. P. 23(a)(4). *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 589-91 (W.D. Tex. 2002).

"In undertaking an inquiry into adequacy, the Court considers the conflicts of interest of the class counsel." *Id.* at 589 (citing 7A Fed. Prac. & Proc. Civ. § 1769.1 (3d ed.)). Counsel who seek to represent a class are "obliged to exercise their fiduciary obligations with particular care." *Chateau de Ville Productions, Inc. v. Tams–Witmark Music,* 474 F.Supp. 223, 226 (S.D.N.Y.1979). "When class counsel also represents other plaintiffs seeking recovery from the same defendants, the resulting potential and actual conflicts of interest prevent certification under Rule 23(a)(4)." *Pan-Am. Tel. Co. v. Municipality of San Juan*, No. CV 09-1256 (ADC/BJM), 2011 WL 13234198, at *3 (D.P.R. Sept. 9, 2011), *report and recommendation adopted as modified sub nom. Pan-Am. Tel. Co., Inc. v. Municipality of San Juan*, No. CV 09-1256 (ADC), 2011 WL 13234189 (D.P.R. Sept. 30, 2011) (citing *Krim*, 210 F.R.D. at 589; *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (noting in these situations, the risk exists for potential class members that counsel will trade off certain of their interests to serve the interests of other clients); *Kuper v. Quantum Chemical Corp.*, 145 F.R.D. 80, 83 (S.D. Ohio 1992); *Jackshaw Pontiac, Inc. v. Cleveland Press Publishing Co.*, 102 F.R.D. 183, 192 (N.D. Ohio 1984)).

In *Krim*, the District Court for the Western District of Texas found that an actual conflict existed (though even the appearance of conflict precluded class certification) where proposed class counsel was involved in multiple lawsuits against the defendant and sought to represent different classes of individuals against the defendant. *Krim*, 210 F.R.D. at 589. Here, proposed class counsel is also counsel in the *Hirsch* Case, where he is seeking to represent consumers with claims against Defendants during a larger time period, including from March 2014 – July 2015—consumers he is not seeking to represent in this case. Proposed class counsel is also seeking to represent a subclass of Maryland residents in the *Hirsch* Case pursuant to a statute that could

award him attorney's fees not available under the TCPA, while at the same time seeking to do the same for a subclass of Texas residents in this case. The various proposed classes are pitted against each other competing for judgments against the same companies, and the only person guaranteed to win should any class be certified, and judgment entered, is counsel. "[T]he appearance of conflict is problematic." *Id.* at 590.

Furthermore, in *Krim*, "counsel participated in a full week of settlement negotiations with Defendants who offered to settle *all* lawsuits." *Id.* The same is true in this case. Multiple mediations have been held, and the Parties have exchanged various proposals with varying degrees of releases. The *Krim* court was troubled by this situation.

> Although unsuccessful, the negotiations demonstrate the problematic nature of counsel's multiple representations in negotiations. With multiple lawsuits, more than a fair chance exists that the shareholders represented in the various suits may be different but overlapping groups of people, and their interests may not always coincide. It could be in the New York class' best interest to settle, but not in this class' interest. At this point, the classes have not been certified and counsel do not even know who they represent in each action.

*Id.* Similarly here, it could be in the Texas class' best interest to settle in this case, but not the Maryland class' in the *Hirsch* Case, or vice versa. And, like in *Krim*, "[i]t may be in [Odom's] best interest to opt out of the [*Hirsch*] case, but coming to this decision, he would consult with counsel. However, because counsel also represent[s] the putative class in the [*Hirsch*] case, [he] would not want [Odom] to opt out and would likely discourage him from doing so." *Id.*

Counsel's representation of competing class representatives and competing classes against Defendants gives rise to the appearance of divided loyalties. Thus, the adequacy prerequisite cannot be satisfied, and class certification should be denied.

## III. CONCLUSION

Plaintiff and his counsel have not complied with Local Rule 23.2, and counsel's representation of Aaron Hirsch and proposed classes in the *Hirsch* Case creates a conflict of interest that precludes class certification for failure of adequacy under Federal Rule of Civil Procedure 23(a)(4). Class certification should be denied.

DATED: September 11, 2020

Respectfully submitted,

By: */s/ Jeffrey A. Backman*

JEFFREY A. BACKMAN (*pro hac vice*)
Florida Bar No. 662501
Gregg I. Strock (*pro hac vice*)
Florida Bar No. 1010140
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
lisa.webster@gmlaw.com

AND

Daniel L Bates, TX Bar No. 01899900
DECKER JONES MCMACKIN
MCCLANE HALL & BATES
801 Cherry St
Suite 2000 Unit 46
Fort Worth, TX 76102
Phone: (817) 336-2400
Fax: (817) 332-3043
Email: dbates@deckerjones.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 11, 2020, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

By: */s/ Jeffrey A Backman*
Jeffrey A. Backman