**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS (FORT WORTH)**

**CASE NO.: 4:19-cv-00631-P**

JACOB ODOM, individually and on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

v.

USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC.,

Defendants.

/

**DEFENDANT USHEALTH ADVISORS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, serves its Objections and Responses to the First Requests for Production ("Requests") propounded by Plaintiff Jacob Odom.

**STIPULATION REGARDING DISCOVERY**

Pursuant to the Stipulation Regarding Discovery ("Stipulation") entered into by the parties on April 1, 2020, in the interest of conserving the Parties' resources and avoiding duplication of discovery in *Hirsch v. USHEALTH Advisors, LLC, et al.*, 4:18-cv-00245-P ("*Hirsch*"), where Plaintiff's counsel is counsel of record, Defendants must only respond to the Requests that relate directly to Plaintiff, specifically: Requests 24, and 37-78.

For any Requests not listed above, the parties have reached an agreement that the discovery responses and documents produced in response to the identical discovery requests in the *Hirsch* matter are incorporated as if fully set forth herein. Defendants understand they are under an ongoing obligation to supplement their responses to this discovery request in this matter and this

purporting to act, or authorized to act on behalf of any of them (other than attorneys), including without limitation, all marketers, consultants, investigators and advisors.

**OBJECTION**: Consistent with USHA's Objections and Responses to Plaintiff's First Set of Interrogatories, USHA has no authority to respond to discovery on behalf of any entity other than itself. USHA will only respond to these Requests on behalf of itself with information that is in USHA's possession, custody, or control. Additionally, to avoid any confusion, USHA does not read the term Defendants to include "Agents" (with a capital A) since that is a separately defined term not incorporated into this definition, and USHA has responded to the requests below accordingly. USHA further objects to the definition because impermissibly expands the common definition to include individuals and/or entities that are not specifically identified; are not parties in this case, and include those over whom this Defendant has no right to respond and no right to possess information, documents or items that may or may not be in the possession of such individuals or organizations. Further, USHA objects because such definition is vague. It creates uncertainty as to which individual or entity is involved in the request or the response.

**OBJECTION TO RELEVANT TIME PERIOD**

Unless otherwise stated, the relevant time period of these Requests is March 29, 2014 through the present, and shall include all documents produced or created during that period, and shall also include all documents which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

**OBJECTION**: USHA objects to the stated time period because it includes a period of time for which any putative claims would be barred by the statute of limitations. At most, and subject to further specific objections depending on the burdensomeness of the specific Requests, Plaintiff is entitled to responsive documents dating back to August 9, 2015, four years from the date the Complaint was filed. USHA will provide responsive documents for this period, unless otherwise stated below. Plaintiff is also only entitled to discovery related to his individual claims, and not the claims of putative class members, because he has waived his right to move for class certification by failing to comply with N.D. Tex. Local Rule 23.2.

For subsection (3), in *Hirsch*, USHA has been compelled to search its own records for responsive documents, and request responsive documents from Agents. Plaintiff's counsel is counsel of record in *Hirsch*. Responsive documents that are ultimately produced in *Hirsch* will be responsive to this Request. To avoid duplication of discovery efforts, the parties have agreed that USHA's document production(s) in *Hirsch* will satisfy this Request. <u>USHA also objects to subsection (3) as it relates to class discovery in this case, i.e., discovery of documents and information that are not related to Plaintiffs individual claims, because Plaintiff has waived his right to move for class certification by failing to comply with N.D. Tex. Local Rule 23.2.</u>

USHA objects to the portion of this request that seeks commnications in files of specific individuals who are not USHA employees or representatives. Although USHA has access to these individuals email inboxes with a USHA domain, the Request specifically seeks communications between USHA and these individuals. Thus, any responsive communications will be in USHA's records too, and will be produced or logged as described above. Searching the other individuals' inboxes will be duplicative and unnecessary. USHA also objects to recreating any email inboxes because that process would be unduly burdensome and disproportionate to the needs of the case because the benefit of the discovery will not outweigh the burden and expense of recreating the inbox, as the discovery is already being produced (or logged) from USHA's custodians' records.

40. Communications and other documents concerning training for new agents, including, without limitation, telemarketing scripts and/or templates. This request includes, but is not limited to, documents in files of the following US Health agents: Jocilyn Hernandez, Stefan Marshall, Dianna Vaught, Josiah Graves, Patricia Conde, Ronald Black, Jesus Burga, Justice Jones, Bonnie Phelps, Camesha Pennant-Scott, Dalton Mauro, and Valentia Cahill. (The term "agents" is used by You on Your website and Your Security and Exchange Commission filings and Plaintiff submits You have sufficient possession, custody or control over such requested documents.)

**<u>RESPONSE</u>**: USHA has produced documents responsive to this Request in *Hirsch*. Plaintiff's counsel is counsel of record in *Hirsch*. To avoid duplication of discovery efforts, the parties have agreed that USHA's document production(s) in *Hirsch* satisfy this Request. <u>USHA also objects to class discovery in this case, i.e., discovery of documents and information that are not related to Plaintiffs individual claims, because Plaintiff has waived his right to move for class certification by failing to comply with N.D. Tex. Local Rule 23.2.</u>

41. All documents on which You intend to rely to refute any claim alleged in Plaintiff's Class Action Complaint or to support any defense You intend to raise in this

litigation, including without limitation all documents concerning whether this litigation meets the requirements for a class action pursuant to Fed. R. Civ. P. 23.

**<u>RESPONSE</u>**: USHA does not yet know of "all documents" it intends to rely upon to refute Plaintiff's claims and/or support USHA's defenses. It may or may not rely on each of the documents produced or disclosed in USHA's initial disclosures. USHA may also rely on document produced or disclosed by Plaintiff, as well as documents that are ultimately produced by third parties.

42. Any and all communications and documents sent to or received from or exchanged by and between You and Plaintiff concerning the subject matter of this lawsuit.

**<u>RESPONSE</u>**: None.

43. All documents, manuals, and training materials, including audio and/or videotapes used in training, overseeing, or supervising the following US Health agents: Jocilyn Hernandez, Stefan Marshall, Dianna Vaught, Josiah Graves, Patricia Conde, Ronald Black, Jesus Burga, Justice Jones, Bonnie Phelps, Camesha Pennant-Scott, Dalton Mauro, and Valentia Cahill. (The term "agents" is used by You on Your website and Your Security and Exchange Commission filings and Plaintiff submits You have sufficient possession, custody or control over such requested documents.)

**<u>RESPONSE</u>**: USHA objects to the assertion that the independent contractors defined as "Agents" in these Requests are legal agents of USHA, i.e., they are not in a principal-agent relationship with USHA. USHA does not oversee or supervise Agents. Agents are independent contractors responsible for their own businesses. USHA does not have possession, custody, or control over Agent's records. USHA provides product training to Agents and training related to insurance compliance and advertising compliance. USHA has produced documents responsive to this Request in *Hirsch*. Plaintiff's counsel is counsel of record in *Hirsch*. To avoid duplication of discovery efforts, the parties have agreed that USHA's document production(s) in *Hirsch* satisfy this Request.

44. In the Joint Status Report (Doc. 16), You contend that You do not conduct telemarketing. Please produce all documents which support this contention. In addition, please produce any documents which refute this contention, if any.

53. In Your Answer (Doc. 10), You state "Any alleged calls to Plaintiff and each putative class member were not "unwanted."" Please produce all documents which support this contention. In addition, please produce any documents which refute this contention, if any.

**RESPONSE**: USHA has produced its contracts with third party vendors who generate consent based, TCPA compliant leads, and the consent records USHA was able to obtain regarding Plaintiff.

USHA objects to producing "All documents" responsive to this Request because it would be duplicative and unduly burdensome because it would require USHA to search its records for even single lead record that USHA has received from a vendor identified in the produced contracts. This is not proportional to the needs of the case as the issue Plaintiff seeks to resolve with the proposed discovery is to determine whether Plaintiff and putative class members have consented to receive the complained of calls, which Plaintiff can determine from the produced records. There is no benefit to obtaining "All documents" showing the same information over and over again when the provided contracts and Plaintiff-specific records show that the calls were not "unwanted" but were instead based on a consent-based lead. As the requested documents provide little benefit to Plaintiff, the expense and burden of producing all of these documents outweighs the benefits in resolving the issues. USHA is withholding documents based on this objection.

USHA also objects to class discovery in this case, i.e., discovery of documents and information that are not related to Plaintiffs individual claims, because Plaintiff has waived his right to move for class certification by failing to comply with N.D. Tex. Local Rule 23.2.

54. In Your Answer (Doc. 10), You state "Plaintiff's claims and claims of putative class members are barred by the doctrines of Estoppel and Unclean Hands. Upon information and belief, Plaintiff solicited and/or encouraged the alleged calls described in his Complaint, and knowingly consented to the recording of such calls, for the purpose of generating a lawsuit against USHA and alleging claims of a putative class as leverage to exact a settlement for his own personal benefit in an amount vastly exceeding any damages he could ever claim for his individual claims." Please produce all documents which support this contention. In addition, please produce any documents which refute this contention, if any.

**RESPONSE**: None.

**<u>RESPONSE</u>**: USHA has produced documents responsive to this Request in *Hirsch*. Plaintiff's counsel is counsel of record in *Hirsch*. To avoid duplication of discovery efforts, the parties have agreed that USHA's document production(s) in *Hirsch* satisfy this Request.

70. Please produce all documents which show the procedure of how the following agents could put the phone number of a potential new client on the NDNC or the IDNC: Jocilyn Hernandez, Stefan Marshall, Dianna Vaught, Josiah Graves, Patricia Conde, Ronald Black, Jesus Burga, Justice Jones, Bonnie Phelps, Camesha Pennant-Scott, Dalton Mauro, and Valentia Cahill.

**<u>RESPONSE</u>**: USHA has produced documents responsive to this Request in *Hirsch*. Plaintiff's counsel is counsel of record in *Hirsch*. To avoid duplication of discovery efforts, the parties have agreed that USHA's document production(s) in *Hirsch* satisfy this Request.

71. Please produce all documents which show how the following agents obtained Plaintiff's phone number: Jocilyn Hernandez, Stefan Marshall, Dianna Vaught, Josiah Graves, Patricia Conde, Ronald Black, Jesus Burga, Justice Jones, Bonnie Phelps, Camesha Pennant-Scott, Dalton Mauro, and Valentia Cahill.

**<u>RESPONSE</u>**: USHA produced all responsive documents in its possession custody or control on March 20, 2020, other than privileged documents listed in the privilege log severs with these responses, and documents that do not need to be logged pursuant to the Stipulation.

72. Please produce any outlines, scripts or training materials provided to or used by the following agents when calling Plaintiff or any other potential customers: Jocilyn Hernandez, Stefan Marshall, Dianna Vaught, Josiah Graves, Patricia Conde, Ronald Black, Jesus Burga, Justice Jones, Bonnie Phelps, Camesha Pennant-Scott, Dalton Mauro, and Valentia Cahill.

**<u>RESPONSE</u>**: USHA has produced documents responsive to this Request in *Hirsch*. Plaintiff's counsel is counsel of record in *Hirsch*. To avoid duplication of discovery efforts, the parties have agreed that USHA's document production(s) in *Hirsch* satisfy this Request. <u>USHA also objects to class discovery in this case, i.e., discovery of documents and information that are not related to Plaintiffs individual claims, because Plaintiff has waived his right to move for class certification by failing to comply with N.D. Tex. Local Rule 23.2.</u>

73. If the calls and texts made to Plaintiff were part of a specific lead program or specific region, please produce all documents which identify the lead program or region and the agents who participated in such a lead program.

**RESPONSE**: None.

74. Please produce a screenshot of the webpages and websites for the following agents: Jocilyn Hernandez, Stefan Marshall, Dianna Vaught, Josiah Graves, Patricia Conde, Ronald Black, Jesus Burga, Justice Jones, Bonnie Phelps, Camesha Pennant-Scott, Dalton Mauro, and Valentia Cahill.

**RESPONSE**: Public websites are readily obtainable by Plaintiff. USHA will not produce any documents in response to this Request. Further, USHA has no such screenshots.

75. Please produce all communications between you and the following agents using the agent portal from January 1, 2019 to the present: Jocilyn Hernandez, Stefan Marshall, Dianna Vaught, Josiah Graves, Patricia Conde, Ronald Black, Jesus Burga, Justice Jones, Bonnie Phelps, Camesha Pennant-Scott, Dalton Mauro, and Valentia Cahill.

**RESPONSE**: USHA objects to class discovery in this case, i.e., discovery of documents and information that are not related to Plaintiffs individual claims, because Plaintiff has waived his right to move for class certification by failing to comply with N.D. Tex. Local Rule 23.2. USHA also objects to producing "all communications" responsive to this request because they are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Other than communications related to Plaintiff, responsive documents include only documents related to underwriting of insurance policies, and payments of commissions. These documents will not be helpful to resolving any of the issues at stake in this action, therefore the burden and expense of producing them outweighs their benefit to Plaintiff, which is none. USHA also objects to producing documents related to underwriting new policies because the disclosure of those document would violate HIPAA. USHA will produce communications related to Plaintiff, if any, and is withholding all other responsive communications according to its objections.

76. Please produce all documents which show who purchased the lead with Plaintiff's phone number.

**RESPONSE**: Pursuant to the Stipulation, Documents created for purposes of this litigation by Defendants, Defendants' undersigned counsel, or in-house counsel, as well as communications between Defendants, Defendants' undersigned counsel, and/or in-house counsel related to this litigation, are nondiscoverable core work product, as defined in Tex. R. Civ. P. 192.5, and do not need to be logged in a privilege log. USHA has no responsive documents that are not covered by this provision of the Stipulation.

77. Please produce all call logs for the following agents from January 1, 2019 to the present: Jocilyn Hernandez, Stefan Marshall, Dianna Vaught, Josiah Graves, Patricia Conde, Ronald Black, Jesus Burga, Justice Jones, Bonnie Phelps, Camesha Pennant-Scott, Dalton Mauro, and Valentia Cahill. (Plaintiff specifically requests that any data which is medically related be redacted so as not to violate HIPPA.)

**RESPONSE**: In *Hirsch*, USHA has been compelled to request responsive documents from Agents. Plaintiff's counsel is counsel of record in *Hirsch*. Responsive documents that are ultimately produced in *Hirsch* will be responsive to this Request. To avoid duplication of discovery efforts, the parties have agreed that USHA's document production(s) in *Hirsch* will satisfy this Request. USHA also objects to class discovery in this case, i.e., discovery of documents and information that are not related to Plaintiffs individual claims, because Plaintiff has waived his right to move for class certification by failing to comply with N.D. Tex. Local Rule 23.2.

78. Please produce all documents which show whether an ATDS was used to make calls or texts to Plaintiff.

**RESPONSE**: None.

Dated: April 1, 2020

*/s/ Jeffrey A. Backman*

Jeffrey A. Backman (*Pro Hac Vice*)
Florida Bar No. 662501
Gregg I. Strock (*Pro Hac Vice*)
Florida Bar No. 1010140
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
gregg.strock@gmlaw.com

AND

Daniel L Bates, TX Bar No. 01899900
DECKER JONES MCMACKIN
MCCLANE HALL & BATES
801 Cherry St
Suite 2000 Unit 46
Fort Worth, TX 76102
Phone: (817) 336-2400
Fax: (817) 332-3043
Email: dbates@deckerjones.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Federal Rules of Civil Procedure on this the 1st day of April, 2020.

*/s/ Daniel L. B*ates
Daniel L Bates